IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL PETERSON, et al.,

   Plaintiffs,

     v.

AARON'S, INC., et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-1919-TWT

**OPINION AND ORDER**

The Plaintiffs are claiming that the Defendant Aspen Way Enterprises, Inc. unlawfully accessed their computers from a remote location and gained possession of private information stored therein. The Plaintiffs are alleging that Aspen Way accomplished this by means of a program which it installs on the computers before leasing or selling them to its customers. It is before the Court on the Defendant Aaron's, Inc.'s Motion to Stay [Doc. 10]. For the reasons set forth below, the Motion to Stay [Doc. 10] is GRANTED.

T:\ORDERS\14\Peterson\mstaytwt.wpd

## I. Background

The Defendant Aspen Way Enterprises, Inc. – a franchisee of the Defendant Aaron's, Inc.[1] – is in the business of, *inter alia*, leasing and selling personal computers. This case is about software that Aspen Way allegedly installs on its lease-purchase computers.[2] This software – called PC Rental Agent – allows Aspen Way to remotely access web-camera photographs, user activity logs, and other private information stored on the lease-purchase computers.[3] Aspen Way allegedly does not notify its customers that this software is installed on the computers.[4]

The Plaintiffs Michael Peterson and Matthew Lyons were lease-purchasers of computers from Aspen Way. They claim that Aspen Way, through the PC Rental Agent software, remotely accessed their computers and retrieved private information. They brought suit against Aspen Way and Aaron's, Inc., asserting state law claims for (1) invasion of privacy, (2) computers trespass, (3) computers invasion of privacy, and (4) conspiracy.

---

[1]      Compl. ¶ 9.

[2]      Compl. ¶ 47.

[3]      Compl. ¶ 41.

[4]      Compl. ¶ 47.

## II. Discussion

Aaron's, Inc. argues that the Court ought to stay this action – pursuant to the first-to-file rule – because a similar action, with similar parties, was filed in the Western District of Pennsylvania. In that case – Byrd v. Aaron's, Inc.[5] – the plaintiffs had leased a laptop computer from a store operated by Aspen Way.[6] They alleged that their computer had been "secretly accessed by Aspen Way via the PC Rental Agent product" and that "Aspen Way . . . [had also] collected personal and private information from its [other] customers' laptops on more than 50,000 occasions."[7] The Plaintiffs moved to certify two classes, one of which was defined as: "All persons who leased and/or purchased one or more computers from Aaron's, Inc. *or an Aaron's, Inc. franchisee*, and their household members, on whose computers DesignerWare's Detective Mode was installed and activated without such person's consent on or after January 1, 2007."[8] The court denied the Motion for Class Certification,[9] and the issue is now before the Third Circuit on appeal. Aaron's, Inc. now requests a stay of the

---

[5]     No. CIV.A. 11-101E, 2014 WL 1316055 (W.D. Pa. Mar. 31, 2014).

[6]     See id. at *1.

[7]     Id. at *1-2.

[8]     Id. at *5 (emphasis added).

[9]     See id. at *6.

current action until the Third Circuit has rendered its decision. Aaron's, Inc. argues that if the Third Circuit ultimately reverses the District Court's ruling, then the subsequent proceedings in <u>Byrd</u> will likely involve fact-finding that will be relevant to the current action.

Under the first-to-file rule, "[w]here two actions involving [1] overlapping issues and [2] [overlapping] parties are pending in two federal courts, there is a strong presumption . . . that favors the forum of the first-filed suit."[10] When "a federal court is presented with such a duplicative suit, it may exercise its discretion to stay the suit before it, [or] allow both suits to proceed."[11] The policy behind the rule "is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[12] In their Response, the Plaintiffs do not dispute that <u>Byrd</u> was instituted prior to the current suit. The only question is whether the two actions involve parties and issues that sufficiently overlap. The Court concludes that they do.

---

[10]     <u>Manuel v. Convergys Corp.</u>, 430 F.3d 1132, 1135 (11th Cir. 2005).

[11]     <u>Smith v. S.E.C.</u>, 129 F.3d 356, 361 (6th Cir. 1997).

[12]     <u>Cadle Co. v. Whataburger of Alice, Inc.</u>, 174 F.3d 599, 603 (5th Cir. 1999) (internal quotation marks omitted).

First, the two actions involve overlapping parties. To be clear, for the rule to apply, the parties in both actions need not be identical.[13] As the Fifth Circuit Court of Appeals has noted, "[t]he crucial inquiry is one of substantial overlap."[14] Additionally, "in the context of class action lawsuits . . . it is the class, not the class representatives, that are relevant for purposes of the first-to-file rule."[15] The Northern District of California explained:

> If the first-to-file rule were to require a strict comparison only of the named plaintiffs in the two actions, the rule would almost never apply in class actions. This result would be in direct conflict to the purposes of the first-to-file rule because class actions are frequently complex affairs which tax judicial resources–the very cases in which the principles of

---

[13]     See Manuel, 430 F.3d at 1135; Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 551 (6th Cir. 2007) ("[W]hen actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment.") (internal quotation marks omitted); Adoma v. University of Phoenix, Inc., 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) ("It has been held that the first-to-file rule does not require strict identity of the parties, but rather substantial similarity.").

[14]     Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997) (internal quotation marks omitted).

[15]     In re TFT-LCD (Flat Panel) Antitrust Litig., No. C 10-3517 SI, 2011 WL 1399441, at *4 (N.D. Cal. Apr. 13, 2011); see also Adoma, 711 F. Supp. 2d at 1147 (For a first-to-file analysis, "the classes, and not the class representatives, are compared."); Askin v. Quaker Oats Co., No. 11 CV 111, 2012 WL 517491, at *4 (N.D. Ill. Feb. 15, 2012) (for a first-to-file analysis, "the class members are the proper focus of this inquiry.").

avoiding duplicative proceedings and inconsistent holdings are at their zenith.[16]

And "courts routinely look to the similarities of the *proposed* classes even where the court has not yet ruled on the certification question."[17] Here, the Plaintiffs do not deny that the Defendants in this action are also defendants in Byrd. However, the Plaintiffs argue that there is insufficient overlap between the putative classes in both actions. As noted earlier, the Byrd class relevant to this motion is defined to include:

> All persons who leased and/or purchased one or more computers from Aaron's, Inc. or an Aaron's, Inc. franchisee, and their household members, on whose computers DesignerWare's *Detective Mode* was installed and activated without such person's consent on or after January 1, 2007.[18]

The Plaintiffs in this action have defined their putative class to include:

> (a) All persons who leased and/or purchased one or more computers from Aspen Way on which *PC Rental Agent* was installed without such persons' consent on or after June 6, 2008; (b) All household members (as

---

[16]    Sheehy v. Santa Clara Valley Transp. Auth., No. 5:14-CV-01325-PSG, 2014 WL 2526968, at *2 n.12 (N.D. Cal. June 4, 2014).

[17]    Askin, 2012 WL 517491, at *4 (emphasis added); see also Adoma, 711 F. Supp. 2d at 1147 ("[Several] district courts . . . have held that the first-to-file rule applies to similar proposed group actions before certification."); Letbetter v. Local 514, Transp. Workers Union of Am., No. 14-CV-00125-TCK-FHM, 2014 WL 4403521, at *5 (N.D. Okla. Sept. 5, 2014) ("In determining whether the parties are substantially similar . . . the intent behind the first-to-file rule necessitates a comparison of the putative classes, not the individual parties.").

[18]    Byrd, 2014 WL 1316055, at *5.

defined by the U.S. Census Bureau) of persons identified in subsection (a); and (c) All employees of such persons identified in subsection (a).[19]

The Plaintiffs argue that the putative classes do not sufficiently overlap because the putative Byrd class includes persons who obtained computers on which "Detective Mode" was installed whereas the putative class in this action includes persons who obtained computers on which "PC Rental Agent" was installed. But the Plaintiffs acknowledged in their Amended Complaint that Detective Mode is simply a feature of PC Rental Agent: "Once PC Rental Agent is installed on a Lease-Purchase computer, it permits the installer . . . to remotely install and[/]or activate over the Internet the 'Detective Mode' feature . . . [and] [a]fter Detective Mode is activated, it permits the installer to choose among various levels of surveillance."[20] In fact, the Plaintiffs also made clear that the Detective Mode feature is relevant to this litigation: "Defendants have received data captured by Detective Mode via electronic mail."[21] Thus, as Aaron's, Inc. points out,[22] there is significant overlap between the putative classes because the proposed Byrd class is, by definition, a subset of the Plaintiffs'

---

[19]   Compl. ¶ 20.

[20]   Compl. ¶¶ 40-41.

[21]   Compl. ¶ 43.

[22]   Aaron's, Inc.'s Reply Br., at 4-5.

proposed class.[23] Even more, the Plaintiffs do not dispute that if the Third Circuit ultimately reverses the Western District of Pennsylvania in Byrd – and class certification is granted – the Plaintiffs would be class members in that litigation unless they opt-out.

In addition, both actions involve overlapping issues. Many of the allegations underlying the claims in Byrd are relevant to this litigation. For example, both cases rely, in part, on the allegations that Aspen Way (1) installed PC Rental Agent on the lease-purchase computers without notifying its customers, (2) remotely accessed its customers' computers, and (3) transmitted and stored private information retrieved – via Detective Mode – from its customers' computers. In response, the Plaintiffs argue that the parties in both suits rely on different causes of action. They point out that the Byrd plaintiffs are pursuing a claim under the Federal Electronic Communications Privacy Act, whereas they are simply asserting claims under Georgia law. But "regardless of whether or not the suits here are identical, if they overlap on the

---

[23]   The Court notes that even though the Plaintiffs have framed their class to be broader than the Byrd class – it would include all persons who obtained computers with PC Rental Agent from the Defendants, not just those persons on whose computers Detective Mode was actually activated – it is unclear whether the Plaintiffs' class would ultimately have more members with viable claims. For example, the Plaintiffs do not explain whether surveillance can take place without activation of the Detective Mode feature, and, if so, whether this was the type of surveillance that took place on their computers.

substantive issues," the Court must defer to "the jurisdiction first seized of the issues."[24] As the Northern District of Illinois explained: "[W]hether cases are substantially similar is a question of substance rather than form . . . [a]s long as the underlying facts are the same . . . the fact that the two complaints allege violations of different . . . laws is not enough to render them substantially dissimilar for purposes of the first-to-file analysis."[25] Indeed, "[f]inding an insubstantial overlap because of the fact that the claims are asserted under different . . . laws would defeat the judicial efficiency rationale undergirding the first-filed rule."[26] Thus, because the <u>Byrd</u> suit is largely based on the same alleged conduct underlying the Plaintiffs' claims here, the Court will stay this case until the Third Circuit has rendered its decision on the class certification issue in <u>Byrd</u>.

---

[24]    <u>Mann Mfg., Inc. v. Hortex, Inc.</u>, 439 F.2d 403, 408 n.6 (5th Cir. 1971).

[25]    <u>Askin v. Quaker Oats Co.</u>, No. 11 CV 111, 2012 WL 517491, at *4 (N.D. Ill. Feb. 15, 2012); <u>see also</u> <u>Williamson v. American Mastiff Breeders Council</u>, No. 308-CV-336-ECR-VPC, 2009 WL 634231, at *3 (D. Nev. Mar. 6, 2009) ("While the elements of the claims are distinct in part, resolution of the claims will turn on similar determinations of fact . . . [d]ue to the related nature of the underlying factual disputes, the issues involved in the various claims seem substantially similar."); <u>Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.</u>, No. 14CV1605 AJB KSC, 2014 WL 4379099, at *4 (S.D. Cal. Aug. 13, 2014) ("Although the claims in the two actions are brought under a variety of labels–Lanham Act, common law unfair competition, and state unfair competition laws (Florida or California), the key issues remain the same.").

[26]    <u>Worthington v. Bayer Healthcare, LLC</u>, No. CIV.A. 11-2793 ES, 2012 WL 1079716, at *6 (D.N.J. Mar. 30, 2012).

## III. Conclusion

For these reasons, the Court GRANTS the Defendant Aaron's, Inc.'s Motion

to Stay [Doc. 10].

SO ORDERED, this 15 day of January, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge