IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL PETERSON, et al.,

    Plaintiffs,

      v.

AARON'S, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-1919-TWT

## OPINION AND ORDER

The Plaintiffs claim that the Defendant Aspen Way Enterprises, Inc. unlawfully accessed their computers from a remote location and collected private information stored therein. The Plaintiffs allege that Aspen Way accomplished this by means of a program which it installs on the computers before leasing or selling them to its customers. It is before the Court on the Defendant Aspen Way Enterprises, Inc.'s Motion to Dismiss [Doc. 25] and the Defendant Aaron's, Inc.'s Motion to Dismiss [Doc. 26]. For the reasons set forth below, the Defendant Aspen Way Enterprises, Inc.'s Motion to Dismiss [Doc. 25] is GRANTED in part and DENIED in part and the Defendant Aaron's, Inc.'s Motion to Dismiss [Doc. 26] is GRANTED in part and DENIED in part.

# I. Background

The Defendant Aspen Way Enterprises, Inc. – a Montana-based franchisee of the Defendant Aaron's, Inc.[1] – is in the business of, *inter alia*, leasing and selling personal computers. This case is about software that Aspen Way allegedly installs on its lease-purchase computers.[2] This software – called PC Rental Agent – allows Aspen Way to remotely access web-camera photographs, user activity logs, and other private information stored on the lease-purchase computers.[3] Aspen Way allegedly does not notify its customers that this software is installed on the computers.[4]

The Plaintiffs Michael Peterson and Matthew Lyons – residents of Colorado and Oklahoma, respectively[5] – were lease-purchasers of computers from Aspen Way's Colorado retail store. They claim that Aspen Way, through the PC Rental Agent software, remotely accessed their computers and retrieved private information. They brought suit against Aspen Way and Aaron's, Inc., asserting state law claims for (1)

---

[1]   Compl. ¶ 9.

[2]   Compl. ¶ 47.

[3]   Compl. ¶ 41.

[4]   Compl. ¶ 47.

[5]   Compl. ¶¶ 5-6.

violation of the Georgia Computer Systems Protection Act ("GCSPA") and (2) common law invasion of privacy.

## II. Legal Standard

A plaintiff may survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if the factual allegations in the Complaint give rise to a plausible claim for relief.[6] For a claim to be plausible, the supporting factual matter must establish more than a mere possibility that the plaintiff is entitled to relief.[7] In determining whether a plaintiff has met this burden, the Court must assume all of the factual allegations in the Complaint to be true. The Court, however, need not accept as true any legal conclusions found in the Complaint.[8]

---

[6]    See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

[7]    See Iqbal, 556 U.S. at 678.

[8]    See id.; Twombly, 550 U.S. at 555 (A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks omitted).

## III. Discussion

### A. GCSPA

The Defendants argue that the GCSPA does not apply extra-territorially. And thus, according to the Defendants, because all of the alleged unlawful acts took place outside of Georgia, the GCSPA claims must be dismissed. Generally, Courts may not "assume[] ... that the [legislature of Georgia] attempted to enact legislation having an extraterritorial effect."[9] Here, no part of the GCSPA indicates that it applies extra-territorially. And based on the Amended Complaint, none of the alleged conduct giving rise to the Plaintiffs' claims has any relation to the state of Georgia. As the Defendants point out, the Plaintiffs are residents of Colorado and Oklahoma, and Aspen Way – a Montana-based franchisee – leased computers to the Plaintiffs out of its Colorado retail store. In addition, the Plaintiffs do not allege that Aspen Way conducted any of the alleged unlawful acts from Georgia.

In response, the Plaintiffs argue that, based on Georgia's choice of law rules, the GCSPA may apply. This misses the point. The Court is determining whether the statute, by its text, provides a remedy for the wrongful acts alleged by the Plaintiffs. Thus, the question is one of statutory interpretation: does the GCSPA provide a

---

[9]    <u>National Union Fire Ins. Co. v. Marty</u>, 197 Ga. App. 642, 643 (1990) (internal quotation marks omitted).

remedy for culpable acts and subsequent injuries that took place outside of Georgia?

The Eastern District of Michigan confronted a similar issue when it had to determine

whether the Michigan Builders' Trust Fund Act applied to projects located *outside* of

the state of Michigan. Prior to addressing the issue, the court noted:

> It is necessary to set forth the distinction between conflict of laws
> principles and statutory interpretation. A conflict of laws inquiry is
> necessary only if there are two relevant forums with divergent laws. This
> occurs only if the court determines that both forums' legislators intended
> their law to apply to the situation. In other words, the court interprets
> both forums' laws; if both apply, the court moves on to a conflict of laws
> determination. Here . . . it is only necessary to engage in a statutory
> analysis to determine the *scope* of the [Michigan Builders' Trust Fund
> Act]—i.e., to see if the [Michigan Builders' Trust Fund Act] *applies.*[10]

The Plaintiffs then argue that the class members they seek to represent live in a

number of states, and possibly even Georgia. This may be true, but the question here

is whether the Plaintiffs *Peterson and Lyons* have stated a plausible claim for relief

under the GCSPA. Because they have not, their GCSPA claims against all of the

Defendants must be dismissed.

### B. Common Law Invasion of Privacy

The Plaintiffs assert a common law claim for unreasonable intrusion of

seclusion. The "'unreasonable intrusion' aspect of the invasion of privacy involves a

---

[10]     <u>Accu-Tech Corp. v. Jackson</u>, 352 F. Supp. 2d 831, 834 n.5 (E.D. Mich.
2005) (emphasis added).

prying or intrusion, which would be offensive or objectionable to a reasonable person, into a person's private concerns."[11] Generally, to "show the tort of unreasonable intrusion, a plaintiff must show a physical intrusion which is analogous to a trespass."[12] But "this 'physical' requirement can be met by showing that the defendant conducted surveillance on the plaintiff or otherwise monitored [plaintiff's] activities."[13] Here, the Plaintiffs have alleged that Aspen Way leased/sold computers to them which, without the Plaintiffs' knowledge, contained software that allowed Aspen Way to access their private information. In a similar case, this Court found that such an intrusion was "unreasonable":

> [T]he Plaintiff alleges that the Defendant leased a computer to her without informing her that the computer was equipped with software that would allow the Defendant to monitor the Plaintiff's activities. The Plaintiff further alleges that the Defendant accessed financial information, personal information, and even images of the Plaintiff at her computer. These are allegations of potential intrusions on privacy that would be "offensive or objectionable to a reasonable person."[14]

---

[11]   Yarbray v. Southern Bell Tel. & Tel. Co., 261 Ga. 703, 705 (1991).

[12]   Sitton v. Print Direction, Inc., 312 Ga. App. 365, 369 (2011) (internal quotation marks omitted).

[13]   Id. (internal quotation marks omitted).

[14]   Sneed v. SEI/Aaron's, Inc., No. 1:13-CV-982-TWT, 2013 WL 6669276, at *2 (N.D. Ga. Dec. 18, 2013).

In response, Aspen Way argues that it installed PC Rental Agent on the computers it leased/sold in order to "track down a lost or stolen computer or a computer whose lessee was in default" and that this does not constitute "an *unreasonable* 'intrusion.'"[15] But assuming the Plaintiffs' allegations to be true, as the Court must, Aspen Way did not use the PC Rental Agent software for only this limited purpose. It allegedly used the software to access the Plaintiffs' computers – without permission – and collect private information. Accordingly, Aspen Way's motion to dismiss the Plaintiffs' common law intrusion of privacy claim must be denied.

However, the Court must still determine whether the Plaintiffs have asserted a plausible common law invasion of privacy claim against Aaron's, Inc. The Plaintiffs do not allege that Aaron's, Inc. installed PC Rental Agent on their computers and/or used PC Rental Agent to collect their private information. According to the Amended Complaint, the Defendant Aspen Way – an independently owned and operated business – engaged in these acts.[16] Thus, the Plaintiffs' allegations do not support a

---

[15]     Aspen Way's Mot. to Dismiss, at 13 (emphasis added).

[16]     Compl. ¶ 40 ("Once PC Rental Agent is installed on a Lease-Purchase computer, it permits the installer – in this case Aspen Way – to remotely install and or activate over the Internet the 'Detective Mode' feature.") (emphasis added); Compl. ¶ 66 ("Plaintiffs are attorneys who took ownership of several computers through a lease purchase agreement with Aspen Way . . . in order to conduct business for their law firm.") (emphasis added).

direct invasion of privacy claim against Aaron's, Inc. However, the Plaintiffs claim that there are two ways in which Aaron's, Inc. may be jointly liable for the invasion of privacy claim asserted against Aspen Way.

First, the Plaintiffs argue that Aaron's, Inc. is liable because it conspired with Aspen Way to access the Plaintiffs' computers and collect their private information. To "recover damages based on a civil conspiracy, a plaintiff must show that two or more persons combined either to do some act which is a tort, or else to do some lawful act by methods which constitute a tort."[17] The "essential element of the alleged conspiracy is proof of a common design establishing that two or more persons in any manner, either positively or tacitly, arrive at a mutual understanding as to how they will accomplish an unlawful design."[18] Members "of the conspiracy are jointly and severally liable for acts of co-conspirators done in furtherance of the conspiracy."[19] However, "[w]here it is sought to impose civil liability for a conspiracy, the conspiracy of itself furnishes no cause of action."[20] Here, the Plaintiffs fail to

---

[17]     McIntee v. Deramus, 313 Ga. App. 653, 656 (2012) (internal quotation marks omitted).

[18]     Id. (internal quotation marks omitted).

[19]     Id.

[20]     Savannah Coll. of Art & Design, Inc. v. School of Visual Arts of Savannah Inc., 219 Ga. App. 296, 297 (1995).

adequately allege that Aspen Way and Aaron's, Inc. agreed to engage in the alleged unlawful acts. Other than a conclusory conspiracy allegation, the Complaint contains no other supporting factual matter.[21] And as the Eleventh Circuit noted, "labels and legal conclusions couched as factual allegations enjoy no presumption of truth and offer no support to the sufficiency of the complaint."[22]

The Plaintiffs then argue that Aaron's, Inc. aided and abetted Aspen Way's surveillance of its customers, and is thus liable for tort claims asserted against the latter. Georgia courts "recognize the principle in the law of torts that persons acting in concert under [certain] situations may be liable for the acts of others."[23] Generally, "[f]or harm resulting to a third person from the tortious conduct of another, a person is liable if he (a) orders or induces such conduct, knowing of the conditions under which the act is done or intending the consequences which ensue, *or* (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or

---

[21]    The allegations referenced by the Plaintiffs in their Response Brief are insufficient. The Plaintiffs alleged that Aaron's, Inc. promoted PC Rental Agent to Aspen Way. Pls.' Resp. to Aaron's, Inc.'s Mot. to Dismiss, at 9. But this does not mean that Aaron's, Inc. and Aspen Way reached an agreement whereby the latter would use PC Rental Agent to collect the Plaintiffs' private information. Thus, this allegation does nothing to render the Plaintiffs' conspiracy allegation plausible.

[22]    Gunder's Auto Ctr. v. State Farm Mut. Auto. Ins. Co., 422 Fed. Appx. 819, 821 (11th Cir. 2011).

[23]    Madden v. Fulton Cnty., 102 Ga. App. 19, 21-22 (1960).

encouragement to the other so to conduct himself."[24] Subsections "(b) and (c) . . . require substantial aid, or . . . substantial assistance to be found, and such action must be a substantial factor in the resulting tort by a third person tortfeasor which injured the plaintiff."[25] Here, the Plaintiffs adequately allege that Aaron's, Inc. knew that Aspen Way was invading its customers' privacy and provided substantial assistance which aided Aspen Way's unlawful acts. According to the Amended Complaint, Aaron's, Inc.: (1) promoted PC Rental Agent to Aspen Way,[26] (2) trained Aspen Way personnel on the use of PC Rental Agent,[27] (3) granted Aspen Way permission to use the PC Rental Agent websites "by opening a portal on the Aaron's intranet, allowing [Aspen Way] to access and use PC Rental Agent . . . and thereafter illegally spy on" its customers,[28] and (4) "provided Aspen Way with assistance with the use of anti-virus software in relation to PC Rental Agent."[29] To establish scienter, the Plaintiffs allege that Aaron's, Inc. was informed, by several of its employees, that "PC Rental

---

[24]   Id. at 22 (internal quotation marks omitted).

[25]   Id.

[26]   Compl. ¶ 37.

[27]   Compl. ¶ 38.

[28]   Compl. ¶ 57.

[29]   Compl. ¶ 38.

Agent®, which Aspen Way was using, was very intrusive, key-logging all the customer's key strokes, transmitting images of the customers' screenshots, and transmitting photographs of computer users taken through the customers' webcams."[30]

In response, Aaron's, Inc. contends that Georgia law does not recognize "aiding and abetting" liability for a common law invasion of privacy claim. They claim that, in <u>Insight Technology, Inc. v. FreightCheck, LLC</u>,[31] the Georgia Court of Appeals laid out an exhaustive list of tort claims for which a party may be liable through a theory of "aiding and abetting," and that this list did not include invasion of privacy. But the question in <u>Insight Technology</u> was whether there was an *independent* aiding and abetting claim for breach of a fiduciary duty.[32] As part of its analysis, the Georgia Court of Appeals laid out a non-exhaustive list of torts for which an independent aiding and abetting claim may exist.[33] Here, the aiding and abetting argument is a means by which Aaron's Inc. may be found *jointly* liable for the invasion of privacy claim asserted against Aspen Way. The Plaintiffs need not establish an independent

---

[30]    Compl. ¶ 59.

[31]    280 Ga. App. 19 (2006).

[32]    See <u>id.</u> at 23.

[33]    See <u>id.</u> at 24.

aiding and abetting claim. Accordingly, Aaron's, Inc.'s Motion to Dismiss the Plaintiffs' invasion of privacy claim should be denied.

## IV. Conclusion

For these reasons, the Court GRANTS in part and DENIES in part the Defendant Aspen Way Enterprises, Inc.'s Motion to Dismiss [Doc. 25] and GRANTS in part and DENIES in part the Defendant Aaron's, Inc.'s Motion to Dismiss [Doc. 26].

SO ORDERED, this 3 day of June, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge