IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL PETERSON, et al.,

    Plaintiffs,

       v.

AARON'S, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-1919-TWT

**OPINION AND ORDER**

The Plaintiffs claim that the Defendant Aspen Way Enterprises, Inc., a franchisee of the Defendant Aaron's, Inc., unlawfully installed a spyware program on computers they leased from Aspen Way. The Plaintiffs further allege that Aspen Way used the spyware program to unlawfully access their computers and gather personal data. The case is presently before the Court on the Defendant Aaron's, Inc.'s Partial Motion to Dismiss [Doc. 51] and the Defendant Aspen Way Enterprises, Inc.'s Partial Motion to Dismiss [Doc. 52]. For the reasons set forth below, the Defendant Aspen Way Enterprises, Inc.'s Motion to Dismiss is GRANTED and the Defendant Aaron's, Inc.'s Motion to Dismiss is GRANTED.

## I. Background

The Plaintiffs Michael Peterson and Matthew Lyons were lease-purchasers of computers from the Defendant Aspen Way Enterprises, Inc., a Montana-based franchisee of the Defendant Aaron's, Inc.[1] The Plaintiffs allege that Aspen Way installed a software program – PC Rental Agent – on all of its lease-purchase computers, and did not inform its customers about the software.[2] The software allowed Aspen Way to remotely access the lease-purchase computers, including any private information stored on the computers.[3]

The Plaintiffs claim that Aspen Way remotely accessed their lease-purchase computers and gathered their personal information.[4] Moreover, the Plaintiffs state that they would not have leased-purchased their computers had they known about Aspen Way's use of the software.[5] In their Second Amended Complaint, the Plaintiffs assert a state law claim of unjust enrichment against both the Defendants Aspen Way and Aaron's.

---

[1]      Second Am. Compl. ¶¶ 5-7, 8-9.

[2]      Id. ¶ 39.

[3]      Id. ¶ 40-41.

[4]      Id. ¶ 3.

[5]      Id. ¶ 81.

## II. Legal Standard

A plaintiff may survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if the factual allegations in the Complaint give rise to a plausible claim for relief.[6] For a claim to be plausible, the supporting factual matter must establish more than a mere possibility that the plaintiff is entitled to relief.[7] In determining whether a plaintiff has met this burden, the Court must assume all of the factual allegations in the Complaint to be true. The Court, however, need not accept as true any legal conclusions found in the Complaint.[8]

## III. Discussion

The Plaintiffs assert a common law claim of unjust enrichment. "[A] claim for unjust enrichment is not a tort, but an alternative theory of recovery if a contract claim fails."[9] In Georgia, "[t]he theory of unjust enrichment applies when there is no legal

---

[6] See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

[7] See Iqbal, 556 U.S. at 678.

[8] See id.; Twombly, 550 U.S. at 555 (A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

[9] Tidikis v. Network for Med. Commc'ns & Research LLC, 274 Ga. App. 807, 811 (2005).

contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated."[10]   Here, the Plaintiffs, in their Response Brief, elected to limit their claim of unjust enrichment to only the Defendant Aaron's.[11] Thus, the Defendant Aspen Way's Motion to Dismiss the Plaintiffs' claim of unjust enrichment should be granted.

With regard to the Plaintiffs' unjust enrichment claim against Aaron's, Inc., the Plaintiffs allege that "Aaron's knowingly received or obtained monies from Plaintiffs and class members in exchange for the lease of their computers without disclosing the use of spyware."[12] Moreover, they claim that they would not have leased their computers had they known about the spyware. But the Plaintiffs do not allege that they paid Aaron's directly for their leased computers. Rather, in their Response Brief, they contend that Aspen Way, through a Continuing License Fee with Aaron's, paid a portion of its gross revenues to Aaron's which were derived in part from the

---

[10]     American Casual Dining, LP v. Moe's Southwest Grill, LLC, 426 F. Supp. 2d 1356, 1372 (N.D. Ga. 2006) (quoting Smith Serv. Oil Co. v. Parker, 250 Ga. App. 270, 272 (2001)).

[11]     Pls.' Resp. Br., at 1 ("After careful analysis, Plaintiffs believe that Aspen Way's arguments, based on the cases it cites, are well taken. Plaintiffs therefore agree to limit their claim for unjust enrichment to Aaron's alone.").

[12]     Second Am. Compl. ¶ 93.

Plaintiffs' lease agreements. Thus, according to the Plaintiffs, they conferred a financial benefit on Aaron's indirectly through the Fee.

In response, Aaron's, Inc. contends that its indirect benefit from the Fee is insufficient under Georgia law to state a claim for unjust enrichment. Aaron's cites multiple cases which it claims demonstrates that a direct benefit is required.

As previously noted, "[t]he doctrine of unjust enrichment applies in the absence of a written contract between parties; where such a contract exists, however, it is the contract that governs the dispute and neither party can rely on unjust enrichment."[13] Here, the Plaintiffs do not contend that there was a contractual relationship between themselves and Aaron's. Rather,  the only party they claim to have contracted with was Aspen Way.[14]

The Plaintiffs offer no persuasive reasons to expand the scope of unjust enrichment liability in this context.  The Plaintiffs provided no direct benefit to Aaron's. Any payments that Aaron's received from Aspen Way were determined entirely by the franchisee agreement.  Where there can be no unjust enrichment claim

---

[13]    S-D RIRA, LLC v. Outback Prop. Owners' Assoc., Inc., 330 Ga. App. 442, 452 (2014).

[14]    Second Am. Compl., ¶¶ 5-7, 49.

against the franchisee because of an express contract, it makes no sense to hold the franchisor liable on this theory.

## IV. Conclusion

For these reasons, the Court GRANTS the Defendant Aaron's, Inc.'s Motion to Dismiss [Doc. 51] and GRANTS the Defendant Aspen Way Enterprises, Inc.'s Motion to Dismiss [Doc. 52].

SO ORDERED, this 15 day of September, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge